IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02558-BNB

JOHNNY L. REYNOLDS,

    Plaintiff,

v.

DIRECTOR(S), COLORADO DEPARTMENT OF CORRECTIONS, et al.,
WARDEN(S), LIMON CORRECTIONAL FACILITY,
MICHAEL LIND, Captain #3620,
CORDOVA, Lt. #3191,
JONI CORCORAN, Lt. #12916,
GISELA WALKER, P.A. #3243,
ANTHONY DECESARO, Step III Grievance Officer, and
JOHN REILLY, Correctional Industries Supervisor,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Johnny L. Reynolds, is in the custody of the Colorado Department of Corrections (DOC) and is incarcerated currently at the Limon Correctional Facility (LCF) in Limon, Colorado.  Mr. Reynolds initiated this action by filing a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He filed an Amended Complaint on October 18, 2012.  Mr. Reynolds has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 and has paid an initial partial filing fee.

    The Court will construe the Amended Complaint liberally because Mr. Reynolds is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

act as an advocate for *pro se* litigants.  **See Hall**, 935 F.2d at 1110.   The Court has reviewed the Amended Complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Reynolds will be ordered to file a Second Amended Complaint.

   Mr. Reynolds alleges that on March 3, 2010, he left the LCF to undergo back surgery at a Denver hospital.  When he returned, he learned that he had been fired from his prison job by Defendant Lt. Corcoran because of medical issues.  Plaintiff filed a grievance against Lt. Corcoran, which was denied.  In April 2010, Mr. Reynolds was assigned to a job in the facility kitchen while on medical restrictions from his back surgery.   Defendant Lt. Nesby terminated Plaintiff from his kitchen job in July 2010 for refusing to perform job duties in violation of his work restrictions.  Lt. Nesby advised Plaintiff that no work restrictions were listed in the computer and that she would reinstate his job if he could document them.  Plaintiff obtained the documentation from Defendant P.A. Gisela Walker.  When Mr. Reynolds went to the facility kitchen to meet with Defendant Nesby, he was informed by a Sgt. Schneider that Defendant Corcoran had just called to tell her that the documentation possessed by Plaintiff was false and that Plaintiff should not be rehired.  Plaintiff then filed a grievance against Lt. Corcoran, which was denied.  Mr. Reynolds alleges that he was transferred to the Sterling Correctional Facility in December 2010 after he began drafting a civil rights complaint.  He was transferred back to LCF in March 2012.  Plaintiff alleges that Defendant Reilly denied him a job in the LCF garment factory because of his grievances.  Mr. Reynolds further alleges that his hands were injured by security staff during a medical transport.  Plaintiff asserts a violation of his rights under Title II of the Americans with Disabilities

Act, 42 U.S.C. § 42 U.S.C. § 12132 (2010), and claims of unlawful retaliation against the Defendants based on his filing of grievances.  He requests injunctive and monetary relief.

The amended complaint is deficient because Mr. Reynolds fails to allege facts that demonstrate how each of the named Defendants participated in a deprivation of his constitutional rights.  Personal participation by the named defendants is an essential allegation in a civil rights action.  **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Plaintiff must show that each defendant caused the deprivation of a federal right.  **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993); **see also Dodds v. Richardson**, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting **Rizzo v. Goode**, 423 U.S. 362, 371 (1976)).  The Amended Complaint does not contain any factual allegations to implicate Defendants Michael Lind, Lt. Cordova, Gisela Walker, and Anthony DeCesaro in a violation of the Plaintiff's constitutional rights.  Furthermore, a supervisor defendant, such as the Director of the Colorado Department of Corrections or the Warden of the Limon Correctional Facility, cannot be held liable merely because of his or her supervisory positions.  **See Pembaur v. City of Cincinnati**, 475 U.S. 469,

479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." **Fogarty v. Gallegos**, 523 F.3d 1147, 1162 (10th Cir. 2008).

Moreover, Mr. Reynolds makes general and conclusory assertions that the Defendants are retaliating against him for exercising his constitutional right to file grievances, but he does not allege specific facts to show a retaliatory motive for each Defendant, or state facts to demonstrate when he filed the grievances in relation to when the alleged retaliation occurred. **See Gee v. Pacheco**, 627 F.3d 1178, 1189 (10th Cir. 2010) (plaintiff must state facts to show that defendants were aware of the plaintiff's protected activity, that the protected activity complained of defendants' actions, and that the adverse action was in close temporal proximity to the protected activity). Accordingly, it is

ORDERED that Plaintiff, Johnny L. Reynolds, **within thirty (30) days from the date of this Order,** shall file a second amended complaint that complies with the directives in this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint that complies with this Order within the time allowed, some of the claims and Defendants will be dismissed without further notice.

DATED November 6, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge