IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02558-BNB

JOHNNY L. REYNOLDS,

    Plaintiff,

v.

DIRECTOR(S), COLORADO DEPARTMENT OF CORRECTIONS, et al.,
WARDEN(S), LIMON CORRECTIONAL FACILITY,
MICHAEL LIND, Captain #3620,
CORDOVA, Lt. #3191,
JONI CORCORAN, Lt. #12916,
GISELA WALKER, P.A. #3243,
ANTHONY DECESARO, Step III Grievance Officer, and
JOHN REILLY, Correctional Industries Supervisor,

    Defendants.

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

---

    Plaintiff, Johnny Reynolds, is a state prisoner who currently is incarcerated at the Limon Correctional Facility (LCF). He submitted *pro se* an amended complaint (ECF No. 31) pursuant to 28 U.S.C. § 1443 and 42 U.S.C. § 1983, asserting violations of his constitutional rights. Mr. Reynolds has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The matter before the Court at this time is Plaintiff's "Request for Immediate Order of Protection and Motion for Amendment of Prisoner Complaint" (ECF No. 16), filed on November 13, 2012. The Court construes part of Mr. Reynolds' request liberally as a motion for preliminary injunctive relief. *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In the amended complaint, Mr. Reynolds asserts claims against Defendants Corcoran and Reilly for unlawful retaliation based on alleged misconduct that occurred prior to October 18, 2012. In his motion for preliminary injunctive relief, Mr. Reynolds alleges that he filed a grievance against Sgt. Jones on October 31, 2012, for revealing confidential information about Plaintiff's cell mate. On November 4, 2012, Plaintiff received an incident report and was placed in the segregation unit by Lt. Wilson several hours after Plaintiff failed to comply with a staff directive to sit at a certain table during morning meal. Mr. Reynolds alleges that the table was already occupied by another inmate. Plaintiff asserts that Lt. Wilson and others retaliated against him for filing a grievance against Sgt. Jones. Mr. Reynolds further asserts that if he is convicted of a disciplinary offense, he will be placed in the general population where he has enemies who may harm him. Plaintiff seeks an "immediate order of protection" from this Court against further staff retaliation.

The Court construes the motion liberally because Mr. Reynolds is not represented by an attorney. *See Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

A temporary restraining order or preliminary injunction is an "extraordinary remedy" and, therefore, "the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)). To obtain a preliminary injunction, the party seeking the injunction must demonstrate four factors:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir.2001). "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); Fed.R.Civ.P. 65(b).

In addition, the movant must establish "'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little v. Jones* 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994)). A mandatory preliminary injunction—one which requires the nonmoving party to take affirmative action—is generally disfavored. *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009). Before a court may grant such relief, the movant must "make a heightened showing of the [ ] four factors." *Id.*

In this case, Mr. Reynolds seeks preliminary injunctive relief for specific conduct that is not alleged in the amended complaint. Further, the prison officials implicated in the alleged retaliation are not named Defendants in this action. Moreover, Mr. Reynolds' assertion that he faces a threat of harm from certain inmates in the general population if he is convicted of a disciplinary violation is based on speculation and conjecture, which is not sufficient to warrant preliminary injunctive relief. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009); *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) ("To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'"); Fed.R.Civ.P. 65(b). And, finally, Mr. Reynolds has not shown that his threatened injuries outweigh whatever damage the

proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  Accordingly, although Mr. Reynolds' allegations may arguably support a claim for relief, they do not support the issuance of a mandatory preliminary injunction.

The Court has ordered Mr. Reynolds to file a second amended complaint on or before December 6, 2012.  Plaintiff may include in the second amended complaint the allegations contained in his motion for preliminary injunction.  Accordingly, it is

ORDERED that the "Request for Immediate Order of Protection and Motion for Amendment of Prisoner Complaint" (ECF No. 16), is **DENIED** to the extent Mr. Reynolds' requests preliminary injunctive relief.   Plaintiff's request to file an amended complaint is granted as follows:  Mr. Reynolds shall file a second amended complaint, in compliance with the directives in the November 6, 2012 Order, and in accordance with this Order, **on or before December 20, 2012**.

DATED at Denver, Colorado, this  16th  day of   November        , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court