IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02558-BNB

JOHNNY L. REYNOLDS,

    Plaintiff,

v.

DIRECTOR(S), COLORADO DEPARTMENT OF CORRECTIONS, et al.,
WARDEN(S), LIMON CORRECTIONAL FACILITY,
MICHAEL LIND, Captain #3620,
CORDOVA, Lt. #3191,
JONI CORCORAN, Lt. #12916,
GISELA WALKER, P.A. #3243,
ANTHONY DECESARO, Step III Grievance Officer, and
JOHN REILLY, Correctional Industries Supervisor,

    Defendants.

SECOND AND FINAL ORDER DIRECTING PLAINTIFF
TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Johnny L. Reynolds, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Reynolds initiated this action by filing a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He also asserts a claim under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (2011). Mr. Reynolds filed an amended complaint on October 18, 2012. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 and has paid an initial partial filing fee.

    In a November 6, 2012 Order, the Court reviewed the amended complaint and determined that it was deficient because it failed to allege the personal participation of

each Defendant in a deprivation of Mr. Reynolds' constitutional rights.  The Court therefore ordered Mr. Reynolds to file a second amended complaint on the court-approved form within thirty days.  Mr. Reynolds obtained an extension of time to file his second amended complaint.  He filed an "Amendment to Complaint Per Court Order," not on the court-approved form on December 17, 2012.

Mr. Reynolds is reminded that the Court does not construe piecemeal filings together.  Instead, an amended pleading or motion supersedes the original filing "and renders it of no legal effect." **Davis v. TXO Prod. Corp.**, 929 F.2d 1515, 1517 (10th Cir.1991) (internal quotation marks omitted); *see also Miller v. Glanz*, 948 F.2d 1562,1565 (10th Cir. 1991); 6 C. Wright, A. Miller & M. Kane, **Fed. Practice and Procedure** § 1476 (1990).  Plaintiff expects the Court to read his amended complaint together with his "Amendment to Complaint" to determine whether he has stated arguable claims for relief under 42 U.S.C. § 1983 and Title II of the ADA.  Instead, Mr. Reynolds must allege all of his factual allegations and assert all of his claims in a single pleading, titled "Second Amended Complaint, which must be filed on the court-approved form.

The second amended complaint must include all factual allegations necessary to show the personal participation of the Defendants in the alleged constitutional violations. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir.

1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  Furthermore, a supervisor defendant cannot be held liable merely because of his or her supervisory positions.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  Accordingly, it is

ORDERED that Plaintiff, Johnny L. Reynolds, **within thirty (30) days from the date of this Order,** shall file a second amended complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint that complies with this Order to the Court's satisfaction within the time allowed, some of the claims and Defendants will be dismissed without further notice.

DATED December 27, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge