IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02558-BNB

JOHNNY L. REYNOLDS,

    Plaintiff,

v.

DIRECTOR(S), COLORADO DEPARTMENT OF CORRECTIONS, et al.,
WARDEN(S), LIMON CORRECTIONAL FACILITY,
MICHAEL LIND, Captain #3620,
CORDOVA, Lt. #3191,
JONI CORCORAN, Lt. #12916,
GIESLA WALKER, P.A. #3243,
ANTHONY DECESARO, Grievance Officer, and
JOHN REILLY, Correctional Industries Supervisor,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff, Johnny L. Reynolds, is in the custody of the Colorado Department of Corrections (CDOC) and is incarcerated currently at the Limon Correctional Facility (LCF) in Limon, Colorado. Mr. Reynolds initiated this action by filing a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He filed an amended complaint on October 18, 2012. Mr. Reynolds has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 and has paid an initial partial filing fee.

    In a November 6, 2012 Order, the Court reviewed the amended complaint and determined that it was deficient because it failed to allege the personal participation of each Defendant in a deprivation of Mr. Reynolds' constitutional rights. The Court

ordered Mr. Reynolds to file a second amended complaint on the court-approved form within thirty days. After obtaining an extension of time, Mr. Reynolds filed a non-compliant amended complaint on December 17, 2012. Magistrate Judge Boland directed Mr. Reynolds to file a second amended complaint on the court-approved form by January 27, 2013, in compliance with the directives in the November 6 Order. On January 10, 2013, Mr. Reynolds requested an extension of time to file his second amended complaint, which the Court granted, in part. (ECF No. 25). Plaintiff filed his second amended complaint on January 31, 2013.

The Court must construe the second amended complaint liberally because Mr. Reynolds is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the second amended complaint because Mr. Reynolds is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the Amended Complaint, or any portion thereof, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the second amended complaint and the action will be dismissed, in part.

Mr. Reynolds alleges in the second amended complaint that between January 2007 and December 2010, he filed a grievance against a female staff member for unprofessional behavior of a sexual nature during "pat down" searches. On March 3,

2010, Plaintiff left the LCF temporarily to undergo back surgery at a Denver hospital. When he returned, he learned that he had been fired from his prison job by Defendant Lt. Corcoran because of medical issues. Plaintiff filed a grievance against Lt. Corcoran, which was denied.  Mr. Reynolds asserts that the Step I and II grievance responses from Defendant Corcoran and Defendant Cordova provided different, invalid justifications for his job termination.  In April 2010, Mr. Reynolds was assigned to a job in the facility kitchen while on medical restrictions from his back surgery.   Defendant Lt. Nesby terminated Plaintiff from his kitchen job in July 2010 for refusing to perform job duties in violation of his work restrictions.  Lt. Nesby advised Plaintiff that no work restrictions were listed in the computer and that she would reinstate his job if he could document them.  Plaintiff obtained the documentation from Defendant P.A. Giesla Walker.  When Mr. Reynolds went to the facility kitchen to meet with Defendant Nesby, he was informed by a Sgt. Schneider that Defendant Corcoran had just called to tell her that the documentation possessed by Plaintiff was false and that Plaintiff should not be rehired.  Plaintiff met with Captain Lind, who agreed to reinstate Plaintiff's job, but refused to authorize back pay.  However, Captain Lind then proceeded to deny Plaintiff's grievance on the basis that Plaintiff's medical restrictions had already expired at the time he was terminated.

Mr. Reynolds further alleges that he was transferred to the Sterling Correctional Facility in December 2010 after he began drafting a civil rights complaint.  He was transferred back to LCF in March 2012 to fill a position in the garment factory.  Plaintiff asserts that Defendant Reilly denied him a job in the LCF garment factory, however, because of his grievances against staff members.  Mr. Reynolds further alleges that he

has been charged wrongfully for medical services and appointments that were not initiated by him and that his hands were injured by security staff during a medical transport. Plaintiff asserts a violation of his rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 42 U.S.C. § 12132 (2010). He further brings claims of unlawful retaliation against the Defendants based on his filing of grievances. He requests injunctive and monetary relief.

Title II of the ADA, 42 U.S.C. § 12132, states:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

The Court finds that Plaintiff's Title II ADA claim--asserting that he was denied prison employment on the basis of a disability (back condition)--is actionable against the Director of the CDOC in his official capacity. The Court thus liberally construes the second amended complaint to assert a Title II ADA claim against the CDOC. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). However, Mr. Reynolds cannot maintain his ADA claim against the individual Defendants in their personal capacities because the statute does not impose individual liability. *See* 42 U.S.C. § 12131; *see also Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) (individuals in their personal capacities are not subject to suit under Title II, which provides redress only from public entities).

Mr. Reynolds cannot proceed with his constitutional claims against Defendants Director of the CDOC, Warden of LCF, Giesla Walker and Anthony DeCesaro in their individual capacities because Plaintiff fails to allege specific facts to show the Defendants' personal participation in a deprivation of his constitutional rights. *See*

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Magistrate Judge Boland warned Mr. Reynolds in the November 6 Order that the personal participation of the Defendants was an essential element of a § 1983 action.

Magistrate Judge Boland further warned Mr. Reynolds in the November 6 Order that a supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisors can only be held liable for their own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Dodds*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). (stating that "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Mr. Reynolds does not allege any specific facts to show that Defendant Director of the CDOC or the Defendant Warden were personally involved in the alleged deprivation of his constitutional rights. Plaintiff concedes as much in his second amended complaint. (*See* ECF No. 29, at 11). Furthermore, the only factual allegation

against Defendant P.A. Walker is that she provided information to Plaintiff concerning his medical work restrictions to assist the Plaintiff with his prison employment.  This fact alone does not indicate that Defendant Walker retaliated against Mr. Reynolds for filing grievances or otherwise implicate her in a violation of his constitutional rights.  Finally, Plaintiff's claim against Defendant DeCesaro, the Step III grievance officer, fails because "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").  Defendants Director of the CDOC, LCF Warden, Walker, and DeCesaro are improper parties to this action and will be dismissed for lack of personal participation.

  After review pursuant to D.C.COLO.LCivR8.2.C, the Court has determined that Mr. Reynolds' claims of unconstitutional retaliation against Defendants Joni Corcoran, Lt. Cordova, Michael Lind, and John Reilly, and his Title II ADA claim against the Defendant Director of the CDOC in his official capacity, which is construed as a claim against the CDOC, are not appropriate for summary dismissal and should be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.  Accordingly, it is

ORDERED that Defendants Director of the CDOC, the Warden of the Limon Correctional Facility, P.A. Giesla Walker, and Grievance Officer Anthony DeCesaro are **DISMISSED** from this action.  It is

FURTHER ORDERED that the claims of unconstitutional retaliation against Defendants Joni Corcoran, Lt. Cordova, Michael Lind, and John Reilly, and the Title II ADA claim against the Defendant Director of the CDOC in his official capacity, which is construed as a claim against the CDOC, shall be drawn to a district judge and to a magistrate judge.  It is

FURTHER ORDERED that Plaintiff's Motions for Summary Judgment (ECF Nos. 4 and 11) are **denied as premature**.  Plaintiff may refile his motion for summary judgment at a later date in accordance with the instructions of the district judge or the magistrate judge to whom this case is drawn.  It is

FURTHER ORDERED that all other pending motions are **denied as moot**.

DATED at Denver, Colorado, this  6th  day of   March    , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court