IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02558-PAB-KMT

JOHNNY L. REYNOLDS, #133703,

    Plaintiff,

v.

DIRECTOR, COLORADO DEPARTMENT OF CORRECTIONS,
MICHAEL LIND, Captain #3620,
CORDOVA, Lieutenant #3191,
JONI CORCORAN, Lieutenant #12916, and
JOHN REILLY, Correctional Industries Supervisor,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Motion to Set Aside Order [Docket No. 62] filed by plaintiff Johnny L. Reynolds. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

On February 13, 2014, United States Magistrate Judge Kathleen M. Tafoya recommended [Docket No. 59] that the Court grant defendants' Motion to Dismiss [Docket No. 44] on the basis that (1) plaintiff's claims against defendants Joni Corcoran and Michael Lind pursuant to 42 U.S.C. § 1983 are time-barred; (2) plaintiff failed to state a claim for relief against defendant Cordova pursuant to Title II of the Americans with Disabilities Act, because he failed to allege that he was disabled within the meaning of the statute; and (3) plaintiff failed to state a claim for retaliation under

§ 1983.  Docket No. 59.  The Magistrate Judge further recommended that plaintiff's motion for summary judgment [Docket No. 56] be denied as moot.  *Id*.  On March 12, 2014, having received no objections to the magistrate judge's recommendation (the "Recommendation") from either party, the Court reviewed it for clear error and, finding none, adopted it.  Docket No. 60.  Final judgment entered against plaintiff on March 14, 2014.  Docket No. 61.

On March 19, 2014, plaintiff filed the Motion to Set Aside Order [Docket No. 62], asserting that he had not been served with a copy of the Recommendation and was thus deprived of the requisite fourteen days in which to file a response before the Court ordered the case dismissed.  Docket No. 62 at 2; *see* FED. R. CIV. P. 72.  He requests that the Court vacate the order accepting the Recommendation and permit him time to file objections.  *Id*. at 2.

Federal Rule of Civil Procedure 59 provides that a party may file a motion to alter or amend judgment no later than twenty-eight days after the entry of judgment.  Fed. R. Civ. P. 59(e).  "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures."  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).  Such a motion is appropriate in the event of  "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice," and may be granted "where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000). The decision to grant or deny a Rule 59 motion is committed to the Court's discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff requests that the Court vacate its judgment because he was not served with the Recommendation before the entry of judgment. Docket No. 62 at 2. Given the logistical challenges inherent in obtaining proof of when and whether the Recommendation reached plaintiff in prison, and plaintiff's diligence in prosecuting this case throughout the course of the litigation, the Court finds there is no reason not to credit plaintiff's assertion regarding the lack of service. Thus, sufficient grounds exist to grant plaintiff's motion to set aside the Court's judgment and permit him to file a response to the Recommendation. *See Servants of the Paraclete*, 204 F.3d at 1012.

For the foregoing reasons, it is

**ORDERED** that the Motion to Set Aside Order [Docket No. 62] filed by plaintiff Johnny L. Reynolds is GRANTED. It is further

**ORDERED** that the Order Accepting Magistrate Judge's Recommendation [Docket No. 60] and the Final Judgment [Docket No. 61] are VACATED and this case is reopened. Plaintiff shall file objections to the Recommendation on or before **Monday, April 21, 2014**.

DATED April 1, 2014.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge