IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02558-PAB-KMT

JOHNNY L. REYNOLDS, #133703,

      Plaintiff,

v.

DIRECTOR, COLORADO DEPARTMENT OF CORRECTIONS,
MICHAEL LIND, Captain #3620,
CORDOVA, Lieutenant #3191,
JONI CORCORAN, Lieutenant #12916, and
JOHN REILLY, Correctional Industries Supervisor,

      Defendants.

_____

### ORDER
_____

This matter is before the Court on the Recommendation of United States

Magistrate Judge Kathleen M. Tafoya (the "Recommendation") filed on February 13,

2014 [Docket No. 59].  The magistrate judge recommends that the Court grant

defendants' Motion to Dismiss [Docket No. 44] and deny plaintiff's Motion for Summary

Judgment [Docket No. 56] as moot.  Plaintiff filed objections to the Recommendation on

May 1, 2014.  Docket No. 67.[1]

The Court will "determine de novo any part of the magistrate judge's disposition

that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In the absence of a

_____

[1]The Court previously accepted the Recommendation, having received no timely
objection from plaintiff, *See* Docket No. 60, and the Clerk of the Court entered final
judgment in this matter.  *See* Docket No. 61.  On March 19, 2014, plaintiff filed a motion
to set aside the Court's order accepting the recommendation.  Docket No. 62.  Plaintiff
represented that he did not receive notice of the Recommendation.  *Id.* at 2.  The Court
granted plaintiff's motion on April 1, 2014.  Docket No. 63.

proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  An objection is proper if it is specific enough to enable the Court "to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).  In light of plaintiff's pro se status, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

## I.  ANALYSIS

Plaintiff is an inmate who, at all relevant times, was incarcerated at either the Limon Correctional Facility in Limon, Colorado ("LCF") or the Sterling Correctional Facility in Sterling, Colorado ("SCF").  Plaintiff brings one claim for violation of the Americans with Disabilities Act ("ADA") as well as four claims for retaliation in violation of 42 U.S.C. § 1983.  The relevant facts are set forth in detail in the Recommendation, *see* Docket No. 59 at 2-6, and will not be recited here except as relevant to the Court's de novo review.

### A.  Immunity From Suit In Official Capacity

Plaintiff does not properly object to the Recommendation's finding that plaintiff's claims against defendants in their official capacity are barred by the Eleventh Amendment.  Plaintiff states only that the Eleventh Amendment does not bar suit

against defendants in their individual capacities.  Docket No. 67 at 6.  Plaintiff's objection is not inconsistent with the Recommendation's finding.  As such, the Court has reviewed this finding to satisfy itself that there is "no clear error on the face of the record."[2]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

### B.  Statute of Limitations

Plaintiff objects to the Recommendation's finding that his retaliation claims against defendants Corcoran and Lind are barred by the statute of limitations and that plaintiff is not entitled to equitable tolling.[3]  Under Colorado law, "equitable tolling is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts."  *Braxton v. Zavaras*, 614 F.3d 1156, 1161 (10th Cir. 2010) (citation and quotation omitted).  Although the Prison Litigation Reform Act requires plaintiff to exhaust all administrative remedies prior to filing suit in federal court, 42 U.S.C. § 1997e(a), that requirement only entitles plaintiff to equitable tolling "so long as [he] makes good faith efforts to pursue the claims when possible."  *Braxton*, 614 F.3d at 1161.

Plaintiff's step 3 grievances against defendants Corcoran and Lind were denied on December 2, 2010 and January 27, 2011 respectively.  Docket No. 1-1 at 16, 30.

---

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

[3]The magistrate judge also found that plaintiff's ADA claim was untimely, but declined to resolve the issue of whether plaintiff is entitled to equitable tolling on this claim.  *See* Docket No. 59 at 22.

Thus, plaintiff did not file his complaint until more than a year and a half after the conclusion of the last step of the grievance process.  Plaintiff argues that the magistrate judge misinterpreted the Colorado Department of Corrections' Administrative Regulation ("AR") 850-04, which provides, in relevant part, that "[a]ll grievances shall be answered, in writing, at each level of decision and review" and that "[a] printed copy of the response with electronic signature shall be provided to the offender."  AR 850-04(IV)(E)(4).[4]  Plaintiff argues that because he did not provide a signature in the line intended to certify that he received the response to his grievances, the grievance process was not exhausted and he is therefore entitled to equitable tolling.  Docket No. 67 at 5.  Plaintiff does not dispute the Recommendation's finding that he knew or should have known of his claims against defendants Corcoran and Lind more than two years before he initiated this action.  *See id.*

The Court agrees with the magistrate judge that the requirement that a copy of each grievance response "with electronic signature" shall be provided to the offender means that the signature of the grievance officer, not of the offender, is required.  *See id.* § IV(E)(4).  Section IV(E)(4) describes the proper form and content of grievance responses, which are prepared by the grievance officer.  *See id.*  It does not make exhaustion of administrative remedies contingent on a signature by the offender. Moreover, AR 850-04 provides that, when a Step 3 grievance is denied on substantive grounds, the grievance officer "shall certify in the response that the offender has

---

[4]The Court takes judicial notice of AR 850-04.  *See Ray v. Aztec Well Serv. Co.*, 748 F.2d 888, 889 (10th Cir. 1984); *see also Muniz v. Kaspar*, No. 07-cv-01914-MSK-MJW, 2008 WL 3539270 at *3 (D. Colo. Aug. 12, 2008) (taking "judicial notice of AR 850-04, the administrative regulation describing the grievance process").

exhausted the grievance process." AR 850-04 § IV(E)(3)(c). The grievance officer did so in this case, *see* Docket No. 1-1 at 16, 30, and plaintiff therefore had exhausted his administrative remedies as of the time his Step 3 grievances were denied. Because plaintiff offers no other excuse for the substantial delay between exhausting his administrative remedies and bringing the instant suit, he is not entitled to equitable tolling, and his Section 1983 claims against defendants Corcoran and Lind are barred by the statute of limitations.

### C.  ADA Claim

Plaintiff objects to the Recommendation's finding that he failed to state a claim for violation of the Americans with Disabilities Act ("ADA"). Docket No. 67 at 4-5. In addition, the Recommendation found that plaintiff's ADA claim is barred by the statute of limitations, but the magistrate judge declined to reach a finding on whether or not plaintiff was entitled to equitable tolling of this claim. For the reasons described below, the Court disagrees with the Recommendation's finding that plaintiff failed to state a claim for violation of the ADA, but finds that plaintiff is not entitled to equitable tolling of his ADA claim.

#### 1.  Failure to State a Claim

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To state a claim under Title II, the plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was

5

excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).

> A qualified individual with a disability is defined as

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2). To be "disabled" under the ADA, a plaintiff must show that he has a physical or mental impairment that substantially limits one or more major life activities. *Holt v. Grand Lake Mental Health Center, Inc.*, 443 F.3d 762, 765 (10th Cir. 2006). The Recommendation found that plaintiff failed to allege that he is a qualified individual with a disability because plaintiff did not show that he is substantially limited in one or more major life activities. Docket No. 59 at 24. Although the Recommendation correctly describes plaintiff's ultimate burden of proof, plaintiff is not required to identify the precise substantial limitation to survive a motion to dismiss. *See Hughes v. Colo. Dep't of Corr.*, 594 F. Supp. 2d 1226, 1240 (D. Colo. 2009) (holding that at the pleadings stage it is sufficient to "identif[y] an impairment of which the State defendants were allegedly aware and allege[] that such impairment constitutes a disability under the ADA"); *see also E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001) ("so long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading"). Here, plaintiff alleges that he left LCF in March 2010 for a medical

6

appointment.  Docket No. 29 at 7.  He also alleges, albeit in a different claim, that he

had back surgery in April 2010.  *Id.* at 8.  He then alleges that he was terminated from

his position even though he had returned to full duty.  Id.  While the Court notes that

plaintiff's complaint contains some internal inconsistencies, *compare id.* at 7 (noting that

plaintiff returned to full duty after his temporary re-injury) *with id.* at 8 (noting that

plaintiff was on "Medical Work Restrictions" during July 2010) and his ADA allegations

are imprecise, the allegations in the complaint, taken as true, are sufficient to put

defendants on notice of plaintiff's claimed impairments.

The magistrate judge also found that plaintiff does not seek any relief that may

be obtained under the ADA.  Docket No. 59 at 25-26.  Specifically, the magistrate judge

found that plaintiff is limited to injunctive relief for his ADA claim because Title II of the

ADA is not a valid abrogation of Colorado's Eleventh Amendment immunity from claims

for money damages.  *Id.* at 25.  The magistrate judge further found that plaintiff's only

request for injunctive relief is unrelated to his ADA allegation.  Plaintiff does not

specifically object to this finding.  The Court, however, declines to rely on this finding to

dismiss plaintiff's ADA claim.  Plaintiff's request for an "Injunctive Judgment" seeks

injunctive relief "to prevent [defendants] from any further behavior that can be deemed

as Retaliation, Harassment, or any other type Adverse action against the plaintiff for the

filing of this complaint or engaging in any and all activities that are clearly protected by

law or Constitutionally."  Docket No. 29 at 13.  Construing plaintiff's claims liberally in

light of his pro se status, the Court finds that plaintiff's request for injunctive relief "to

prevent" defendants from taking any "[a]dverse action" against plaintiff for "engaging in

any and all activities that are clearly protected by law" is broadly worded and seeks

7

injunctive relief as to all of plaintiff's claims, including his claim for violation of the ADA.

Accordingly, the Court finds that plaintiff has stated a claim for violation of the ADA.

### 2. Equitable Tolling

The Recommendation declined to reach a finding on whether plaintiff was

entitled to equitable tolling of his ADA claim because plaintiff's original complaint

attached only his step 1 and step 2 grievances and omitted his Step 3 grievance.

Defendants do not object to the magistrate judge's failure to reach this issue, although

plaintiff argues in his objection that he is entitled to equitable tolling of his ADA claim.

*See* Docket No. 67 at 5.

The Court finds that plaintiff is not entitled to equitable tolling for his ADA claim.

Plaintiff acknowledged receipt of the response to his step 2 grievance on June 2, 2010.

Docket No. 1-1 at 7.  Plaintiff, therefore, was required to submit a Step 3 grievance no

later than June 7, 2010.  AR 850-04 § IV(F)(1)(d) ("[o]ffenders who wish to proceed to

the next step in the grievance process must submit their written grievance within five

calendars [sic] days of receiving the written response to the previous step.").  Although

plaintiff did not attach his step three grievance to his original complaint, he attached a

notation that reads "no response to Step III received after 45 days as required under

AR 850-04."  Docket No. 1-1 at 8.  Thus, either plaintiff filed a timely Step 3 grievance,

in which case he was entitled to initiate this action no later than July 2010,[5] or he did

---

[5]*See* AR 850-04 § IV(F)(1)(c) (providing that a response to a Step 3 grievance is due within 45 days of receipt by the grievance officer); *see also Whitington v. Ortiz*, 472 F.3d 804, 807-08 (10th Cir. 2007) ("[A] prisoner cannot be required to wait indefinitely for a response to his final grievance before he may seek judicial review.  That is, when prison officials fail to timely respond to a grievance, the prisoner has exhausted 'available' administrative remedies under the PLRA").  Thus, if plaintiff did not receive a

not, in which case plaintiff cannot demonstrate that he exhausted his administrative remedies with respect to his ADA claim.  In either case, dismissal is appropriate. Plaintiff's failure to indicate the precise date of his Step 3 grievance does not entitle him to equitable tolling of his ADA claim, and the claim is barred by the statute of limitations.[6]

### D.  Section 1983 Retaliation Claims

Plaintiff does not object to the Recommendation's finding that his claim for retaliatory transfer to SCF and his retaliation claim for wrongful charges for medical services fail because plaintiff did not allege personal participation by any named defendant.  The Court has reviewed this holding to satisfy itself that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  The Court will now address plaintiff's two remaining retaliation claims.

#### 1. Defendant Cordova

Plaintiff objects to the Recommendation's finding that he failed to state a claim for retaliation against defendant Cordova because plaintiff alleged only that defendant Cordova denied his grievance.  Specifically, plaintiff argues that defendant Cordova's denial of his grievance was close in time to an earlier grievance, Grievance No. LF 09/10-446, that plaintiff filed against defendant Cordova.  Docket No. 67 at 3.  Plaintiff

_____

timely response by July 17, 2010, he had exhausted his administrative remedies and was entitled to initiate this suit.

[6]The Court notes that, had plaintiff received a late response to his Step 3 grievance that was substantially closer to the date that he initiated this lawsuit, the late response could potentially justify plaintiff's delay in filing the lawsuit such that equitable tolling would be appropriate.  There is no evidence that this is the case, however.

did not allege any facts concerning this earlier grievance in his complaint, however.[7]
*See* Docket No. 29; *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir.
2010).  To state a claim for retaliation, plaintiff must allege that (1) he was engaged in a
constitutionally protected activity; (2) the defendant's action caused plaintiff to suffer an
injury that would chill a person of ordinary firmness from continuing to engage in that
protected activity; and (3) the defendant's adverse action was substantially motivated
as a response to plaintiff's exercise of constitutionally protected conduct.  *Shero v. City
of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007).  Plaintiff's complaint alleges that
defendant Cordova made certain unidentified "false statements" in responding to
plaintiff's grievance.  Plaintiff did not identify the protected activity or allege that
defendant Cordova acted in response to that protected activity.  As such, the Court
finds no error with respect to this aspect of the recommendation.

### 2. Defendant Reilly

Plaintiff objects to the Recommendation's finding that plaintiff failed to state a
claim for retaliation against defendant Reilly.  The magistrate judge found that plaintiff's
grievance against a female staff member, the basis for plaintiff's retaliation claim,
predated defendant Reilly's actions by several years and that plaintiff did not allege that
defendant Reilly knew about that earlier grievance.  Docket No. 59 at 30.  Plaintiff

---

[7]The Court notes that plaintiff attached a 9-page "Chronological Record of
Events" to his response to defendants' motion to dismiss, which discussed plaintiff's
earlier grievance against defendant Cordova.  *See* Docket No. 52-1 at 2.  Plaintiff
cannot, however, use this chronology to cure defects in his complaint.  *See In re Qwest
Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004) ("plaintiffs may not
effectively amend their Complaint by alleging new facts in their response to a motion to
dismiss").

argues that defendant Reilly first terminated plaintiff in January of 2009 in retaliation for exercising his First Amendment rights (presumably, though plaintiff does not make this clear, for his original grievance against the female staff member), and then once again denied plaintiff employment in March 2012.  Docket No. 67 at 3.  Defendants respond that plaintiff's allegations concerning defendant Reilly's actions in 2009 are new and cannot be considered.  Docket No. 68 at 3.  The Court agrees.  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).  Accordingly, the Court finds no error with this aspect of the Recommendation.

### E.  Qualified Immunity

Plaintiff objects to the Recommendation's finding that defendants are entitled to qualified immunity on the grounds that he has demonstrated that defendants' conduct violated his constitutional rights.  Docket No. 67 at 7.  Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Upon a public official's assertion of a qualified immunity defense, plaintiff bears a "heavy burden" under a two-pronged analysis.  *Buck v. City of Albuquerque*, 549 F.3d 1269, 1277 (10th Cir. 2008).  Under the first prong of the analysis, the plaintiff is required to "establish that the defendant's actions violated a constitutional or statutory right."  *Smith v. Cochran*, 339 F.3d 1205, 1211 (10th Cir. 2003) (quotation omitted).  As discussed above, because

the Court agrees with the Recommendation that plaintiff fails to state a claim that defendants engaged in a constitutional violation, plaintiff has failed to satisfy the first prong of the qualified immunity defense.[8]

## II.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 59] is **ACCEPTED** in part.  It is further

**ORDERED** that defendants' Motion to Dismiss [Docket No. 44] is **GRANTED**.  It is further

**ORDERED** that plaintiff Johnny L. Reynolds' Motions for Summary Judgment [Docket Nos. 56, 73, 74] are **DENIED** as moot.  It is further

**ORDERED** that plaintiff Johnny L. Reynolds' Motions for Status [Docket Nos. 70, 72] are DENIED as moot.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is dismissed in its entirety.

---

[8]After the magistrate judge issued her Recommendation, plaintiff filed two motions for status [Docket Nos. 70, 72] and two documents titled Motions for Summary Judgment [Docket Nos. 73, 74].  The motions for summary judgment contain neither evidence nor argument and simply ask the Court to enter judgment in plaintiff's favor and detail the relief that plaintiff seeks.  *See* Docket No. 73 at 1-2, Docket No. 74 at 1-2.  Because this Order dismisses plaintiff's complaint, those motions will be denied as moot.

DATED September 3, 2015.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge